WO

SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Sir Howard Blake Tillman,

Plaintiff,

v.

David Shinn, et al.,

Defendants.

No.   CV 20-01378-PHX-JAT (DMF)

**ORDER**

Plaintiff Sir Howard Blake Tillman, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), and a motion for appointment of counsel (Doc. 7).  The Court will dismiss the Complaint with leave to amend and will deny the motion.

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $7.11.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

In his three-count Complaint, Plaintiff alleges claims for threat to safety and violation of equal protection.   Plaintiff sues the following employees of the Arizona Department of Corrections (ADC): Director David Shinn; Eyman Complex Deputy Warden R. Carr; and Correctional Officers (COs) Tedesco and Davis.   Plaintiff seeks injunctive and compensatory relief.

Plaintiff designates **Counts I and II** as claims for threat to safety under the Eighth and Fourteenth Amendments, respectively.   Plaintiff claims Defendants Shinn and Carr, and non-party Warden Morris, violated policy and procedure by housing Plaintiff, who was classified as a Level 4 Close Custody prisoner, in Level 5 Maximum Security, which Plaintiff asserts poses a threat to his safety.  Plaintiff also claims they also failed to properly train officers.  He also alleges Defendant Davis intentionally locked Plaintiff in the hot and steamy shower area for an extended period during which Plaintiff lost consciousness and could have hit his head or not regained consciousness.  Plaintiff claims Defendant Tedesco failed to conduct security walks while Plaintiff was trapped in the shower area, which constituted a threat to his safety.

In **Count III**, Plaintiff alleges the following:

Defendants Shinn and Carr, and non-party Morris, instituted a policy and procedure that denied Plaintiff the ability to order items from commissary, including tobacco, power adaptors, stingers, razors, etc.  He also receives only one hot meal a day, rather than two hot meals a day.  Plaintiff also is not allowed to go to and from the chow hall, recreation, and movement like other Level 4 prisoners.  According to Plaintiff, Level 4 prisoners housed on Level 4 yards receive two hot meals, are allowed to use tobacco, can use power adaptors, have recreation, and can walk to and from the chow hall.  Plaintiff contends he is

1    being treated differently from similarly situated prisoners.

2    **IV.    Failure to State a Claim**

3         To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

4    (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

5    (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

6    2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278,

7    1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury

8    as a result of the conduct of a particular defendant and he must allege an affirmative link

9    between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-

10   72, 377 (1976).

11        **A.    Threat to Safety**

12        Plaintiff designates Counts I and II as claims for threat to safety. A convicted

13   prisoner's claim for a threat to safety arises under the Eighth Amendment. *Bell v. Wolfish*,

14   441 U.S. 520, 535 and n. 16 (1979). To state a claim for threat to safety or failure to protect,

15   a prisoner must allege facts to support that he was incarcerated under conditions posing a

16   substantial risk of harm and that prison officials were "deliberately indifferent" to those

17   risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Deliberate indifference is a higher

18   standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835.

19   To adequately allege deliberate indifference, a plaintiff must allege facts to support that a

20   defendant knew of, but disregarded, an excessive risk to inmate safety. *Id.* at 837. That is,

21   "the official must both [have been] aware of facts from which the inference could be drawn

22   that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the

23   inference." *Id.* Thus, a plaintiff must allege facts to support when and how any particular

24   defendant knew of a substantial risk of harm to him and that the defendant disregarded or

25   failed to take steps to ensure the plaintiff's safety.

26        Plaintiff fails to allege facts to support that being housed in Level 5 Maximum

27   Security posed a *substantial* risk of harm, or indeed, any risk, of harm.[1] Nor has Plaintiff

28
_____

        [1] Generally, a prisoner does not have a liberty interest in remaining in a particular

1  alleged facts to support that anyone acted with deliberate indifference to any risk to
2  Plaintiff being housed in Level 5 Maximum Security.

3       Plaintiff also fails to allege facts to support a claim for failure to train.  Although a
4  government official can be held liable for his failure to supervise or train subordinates,
5  *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991), a plaintiff must allege facts to
6  support that the alleged failure amounted to deliberate indifference.  *Cannell v. Lightner*,
7  143 F.3d 1210, 1213 (9th Cir. 1998).  A plaintiff must allege facts to support that not only
8  was the particular supervision inadequate, but also that such inadequacy was the result of
9  "a 'deliberate' or 'conscious' choice" on the part of the defendant.  *Id*. at 1213-14; *see*
10  *Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to
11  support that "in light of the duties assigned to specific officers or employees, the need for
12  more or different training is [so] obvious, and the inadequacy so likely to result in violations
13  of constitutional rights, that the policy[]makers . . . can reasonably be said to have been
14  deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390
15  (1989))).  Plaintiff does not allege any facts to support that training was constitutionally
16  insufficient.

17       With respect to Defendant Davis, Plaintiff alleges Davis locked him into a hot and
18  steamy shower area for a prolonged time.  Plaintiff fails to allege facts to support that Davis
19  knew that Plaintiff was in the shower area, Davis knew or should have known that leaving
20  Plaintiff in the shower was likely to pose a substantial risk to Plaintiff's safety, or even
21  approximately how long Plaintiff was confined in the shower area.  Absent more, Plaintiff
22  fails to allege facts to support that Davis knew, or should have known, that leaving Plaintiff
23  in the shower area was likely to pose a substantial risk to Plaintiff.

24       With respect to Defendant Tedesco, Plaintiff merely alleges Tedesco failed to
25  perform security walks.  Plaintiff does not allege facts to support that Tedesco knew

26

27  institution or unit; he may be transferred for any constitutionally permissible reason or for
    no reason at all.  *Meacham v. Fano*, 427 U.S. 215, 225 (1976); *Ward v. Dyke*, 58 F.3d 271,
28  274 (6th Cir. 1995); *Shang v. Zurich*, 681 F.2d 1091, 1100 (7th Cir. 1982); *Rizzo v.*
    *Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985).  Similarly, an inmate does not have a
    constitutional right to a particular classification.

Plaintiff was in the shower area or that Tedesco failed to conduct security walks knowing that not doing so posed a substantial risk to Plaintiff.

For the reasons discussed, Plaintiff fails to state a claim in Counts I or II. They will be dismissed.

### B.   Equal Protection

In Count III, Plaintiff alleges he was treated differently than other Level 4 Close Custody prisoners, which the Court construes as a claim asserting a violation of equal protection. Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).

Plaintiff fails to state a claim under this standard. He fails to allege facts to support that similarly situated prisoners, i.e., Level 4 Close Custody prisoners held in Level 5 Maximum Security, were treated differently than Plaintiff by being provided two hot meals a day, afforded broader commissary privileges, and the like. Plaintiff also fails to allege the absence of a rational basis for treating him differently than any similarly situated prisoners. Accordingly, Plaintiff fails to state a claim in Count III.

### V.   Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail

1  Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails

2  to use the court-approved form, the Court may strike the amended complaint and dismiss

3  this action without further notice to Plaintiff.

4      Plaintiff must clearly designate on the face of the document that it is the "First

5  Amended Complaint." The first amended complaint must be retyped or rewritten in its

6  entirety on the court-approved form and may not incorporate any part of the original

7  Complaint by reference. Plaintiff may include only one claim per count.

8      A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*,

9  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

10  1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint

11  as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the

12  original Complaint and that was voluntarily dismissed or was dismissed without prejudice

13  is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693

14  F.3d 896, 928 (9th Cir. 2012) (en banc).

15  **VI.    Motion for Appointment of Counsel**

16      Plaintiff seeks the appointment of counsel because he is housed in the Special

17  Management Unit I and prisoners working in the law library are no longer able to come to

18  his unit due to the COVID-19 outbreak in the Cook Unit. There is no constitutional right

19  to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269

20  (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to

21  represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of

22  counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances"

23  are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with

24  respect to exceptional circumstances requires an evaluation of the likelihood of success on

25  the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the

26  complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both

27  must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,

28  789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Therefore, the Court will deny without prejudice Plaintiff's motion for appointment of counsel.

## VII. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these

JDDL-K

- 8 -

warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $7.11.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)     Plaintiff's motion for appointment of counsel (Doc. 7) is **denied**.

Dated this 8th day of September, 2020.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Phoenix & Prescott Divisions:                **OR**       Tucson Division:
U.S. District Court Clerk                                  U.S. District Court Clerk
U.S. Courthouse, Suite 130                                U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                        405 West Congress Street
Phoenix, Arizona   85003-2119                             Tucson, Arizona   85701-5010

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
Attorney for Defendant(s)

_____
(Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**
    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**
    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**
    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**
    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.   State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Plaintiff)


             Plaintiff,

v.

CASE NO. _____
              (To be supplied by the Clerk)

(1) _____ ,

(Full Name of Defendant)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

(2) _____ ,

(3) _____ ,

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

(4) _____ ,

          Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 3/11/16                    1                                  **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed as: _____ at_____.
(Position and Title)                              (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
(Position and Title)                              (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed as: _____ at_____.
(Position and Title)                              (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at_____.
(Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
  ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
  ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
  b.   Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____

_____ .

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count II?              ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____

_____.

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                             ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count III?         ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                            DATE                                       SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)


_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.