WO                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sir Howard Blake Tillman, | No. CV 20-01378-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Sir Howard Blake Tillman, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), and an Application to Proceed In Forma Pauperis (Doc. 2). The Court granted the Application and dismissed the Complaint with leave to amend (Doc. 9). Plaintiff has filed a First Amended Complaint (Doc. 11). The Court will order Defendant Davis to answer Count I of the First Amended Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

TERMPSREF

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff alleges claims for violations of his Eighth Amendment rights and equal protection. Plaintiff sues the following employees of the Arizona Department of Corrections (ADC): Director David Shinn; Eyman Complex Deputy Warden R. Carr; Complex Warden Morris; and Correctional Officers (COs) II John or Jane Davis and John or Jane Tedesco. Plaintiff seeks compensatory relief.

Plaintiff designates **Count I** as a claim violation of his Eighth Amendment rights and alleges the following:

Defendant Shinn put policies and procedures into effect at the Eyman Complex, Special Management Unit I (SMU), but failed to ensure they were enforced. Defendant Morris failed to enforce Shinn's policies and procedures by failing to train Eyman Complex officers. Defendant Carr failed to carry out instructions from Shinn and Morris for properly training staff at the Eyman Complex.

On December 24, 2019, Plaintiff entered the shower to take a shower for ten to fifteen minutes. Defendant Davis locked Plaintiff in the hot and steaming shower. After Plaintiff completed showering but apparently while still locked in the shower, Plaintiff asked Davis to go back to his cell. Plaintiff yelled to get Davis' attention, or that of another officer, without success. After a prolonged period, other prisoners also tried to get the attention of an officer by yelling and banging on their cell doors without getting a response. Plaintiff remained in the hot and steaming shower for more than 40 minutes, which began to effect Plaintiff. Plaintiff started getting numb, feeling anxious, having difficulty breathing, feeling confused, and feeling light-headed. Plaintiff began to lose consciousness, slid down, and hit his head hard on the floor. After hearing Plaintiff's head hit the floor, other prisoners began yelling and banging on their cell doors, but again received no response. Plaintiff awoke to an officer not assigned to the unit standing over him, and a minute later, Defendant Tedesco arrived. Plaintiff does not know how long he was unconscious but when he came to, he was lying flat naked and in pain. Plaintiff felt embarrassed about losing consciousness and being found not knowing what happened.

The two officers told Plaintiff that he had passed out after being locked in the hot and steaming shower. Plaintiff went in and out of consciousness while the officers discussed who should activate an Incident Command System (ICS). Ultimately, Tedesco activated an ICS. Plaintiff was taken to medical where he was evaluated by Nurse Ashburn. Ashburn told Plaintiff that he had fainted after being left in the hot shower for an extended period. Ashburn treated Plaintiff's injuries and he was returned to his housing unit.

Plaintiff alleges Defendants Shinn, Carr, and Morris are liable for failing to properly train Defendants Davis and Tedesco.

Plaintiff designates **Count II** as an equal protection claim. Plaintiff alleges that on September 26, 2019, he was housed in SMU, maximum security Level 5, although he was classified as a Level 4 close custody prisoner. Plaintiff alleges Defendant Shinn implemented policies and procedures at the Eyman Complex, SMU, but failed to ensure that his subordinates complied with those policies and procedures. Plaintiff further claims Defendant Morris is liable for failing to enforce Shinn's policies and procedures and that Defendant Carr failed to properly train his subordinates at SMU. Plaintiff claims that as a result, he was not treated the same as those similarly situated.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

#### A. Defendants Shinn, Morris, and Carr

Plaintiff fails to allege sufficient facts to state a claim for failure to train. Although a government official can be held liable for his failure to supervise or train subordinates, *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991), a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was the particular supervision inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id*. at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations

of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Id.*

Plaintiff only makes vague and conclusory assertions that Defendants Shinn, Morris, and Carr are liable for failure to train. Plaintiff fails to allege facts to support that any of these Defendants acted with deliberate indifference or facts to support that supervision was even inadequate. Instead, Plaintiff contends Shinn, Morris, and Carr are liable based only on their positions as supervisors of Defendants Tedesco and Davis. There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, Plaintiff has failed to state a claim against Defendant Shinn, Morris, or Carr and the Court will dismiss without prejudice these Defendants.

### B. Tedesco

The only facts Plaintiff alleges regarding Defendant Tedesco are that he arrived shortly after Plaintiff came to in the shower and activated an ICS. Absent other allegations, these facts are not sufficient to support that Tedesco in any way violated Plaintiff's constitutional rights. Accordingly, Tedesco will be dismissed.

. . . .

### C.     Count II

Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).

Plaintiff also fails to state a claim under this standard.  He fails to allege facts to support that similarly situated prisoners, i.e., Level 4 close custody prisoners held in Level 5 maximum security, were treated differently than him or that there was no rational basis for the difference in treatment.  For the reasons discussed, Plaintiff fails to state a claim in Count II and it will be dismissed.

## IV.    Claim for Which an Answer Will be Required

Liberally construed, Plaintiff sufficiently alleges facts to state a claim for threat to safety against Defendant Davis based upon Davis allegedly deliberately leaving Plaintiff locked in the hot shower for a prolonged period.  Accordingly, Davis will be required to respond to Count I.

## V.     Warnings

### A.     Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may

result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count II is **dismissed** without prejudice.

(2) Defendants Shinn, Morris, Carr, and Tedesco are **dismissed** without prejudice.

(3) Defendant Davis must answer Count I.

(4) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Davis.

(5) Plaintiff must complete[1] and return the service packet to the Clerk of Court

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the

TERMPSREF

- 7 -

1  within 21 days of the date of filing of this Order.  The United States Marshal will not
2  provide service of process if Plaintiff fails to comply with this Order.

3   (6) If Plaintiff does not either obtain a waiver of service of the summons or
4  complete service of the Summons and First Amended Complaint on Defendant within 90
5  days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
6  is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

7   (7) The United States Marshal must retain the Summons, a copy of the First
8  Amended Complaint, and a copy of this Order for future use.

9   (8) The United States Marshal must notify Defendant of the commencement of
10  this action and request waiver of service of the summons pursuant to Rule 4(d) of the
11  Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this
12  Order.

13   (9) If Defendant agrees to waive service of the Summons and First Amended
14  Complaint, Defendant must return the signed waiver forms to the United States Marshal,
15  not the Plaintiff, **within 30 days of the date of the notice and request for waiver of**
16  **service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the
17  cost of personal service.

18   (10) The Marshal must immediately file signed waivers of service of the
19  summons.  If a waiver of service of summons is returned as undeliverable or is not returned
20  by a Defendant within 30 days from the date the request for waiver was sent by the Marshal,
21  the Marshal must:

22   (a) personally serve copies of the Summons, First Amended Complaint,
23   and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
24   Procedure; and

25   (b) within 10 days after personal service is effected, file the return of
26   service for Defendant, along with evidence of the attempt to secure a waiver of
27   service of the summons and of the costs subsequently incurred in effecting service

---

Arizona Department of Corrections unless the officer or employee works there.

upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) Defendant Davis must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 4th day of December, 2020.

James A. Teilborg
Senior United States District Judge